The defendant obtained a rule to show cause why a new trial should not be granted, on the ground that Johnson was an incompetent witness. On argument, this rule was discharged, and the defendant appealed to this Court.
It appears from the case that Johnson, the witness, had made such a special endorsement to the plaintiff as to put it out of the power of the plaintiff ever to look to him for any part of the money, under any circumstances whatever, unless it should turn out to be a gross fraud and imposition, which I cannot well see could happen. But in the present case Johnson is released, and he is surely a competent (541) witness, and was properly admitted to give testimony.
The circumstances of his name appearing on the bond, and that bond being negotiable, can make no sort of difference. I think, ever since Jordaine v. Lasbrook, 7 Term, 601, the law has been settled upon this point.
SEAWELL, J. I know of but two rules by which the competency of witnesses can be tested: the one interest, and the other infamy. The rule laid down in Walton v. Shelley has long since been abolished and the competency restored to its former standard. Johnson, the witness, could only be liable in virtue of his endorsement, and being released from that, stood as indifferent as any other individual. He was properly admitted, and I am for discharging the rule. *Page 393 
TAYLOR, C.J. I can scarcely perceive any question to be decided in this case, for Johnson is unquestionably disinterested in the event of the suit; his endorsement never made him liable, and if it did, the release discharged him. Supposing that the case of Walton v. Shelley, had not been overruled, it could be no authority here; for it only decided that a person should not impeach an instrument to which he had put his name. Johnson is not called upon to impeach this note, but to support it.
Affirmed.
NOTE. — See Ellis v. Hetfield, 1 N.C. 41; Hamilton v. Williams,2 N.C. 139; Hall v. Bynum, 3 N.C. 328; Johnson v. Knight, 6 N.C. 237;Saunders v. Ferrill, 23 N.C. 97.
Cited: Purvis v. Albritton, 49 N.C. 173.